UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TALK-N-SURF COMMUNICATIONS, INC. et al                                PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. 1:12-MC-229-HSO-RHW

BOB GUALTIERI et al                                                   DEFENDANTS

## ORDER DENYING MOTION TO QUASH

Before the Court is Movant Desmond C. Ladner's [1] Motion to Quash Plaintiffs' Subpoena Duces Tecum. Ladner argues that the subpoena should be quashed because (1) the subpoena subjects Ladner to undue burden; (2) Ladner is an unretained expert in the underlying case; and (3) Plaintiffs have made no arrangement to compensate Ladner for his work and his testimony as an expert.

The Court finds that the motion should be denied on several grounds. First, the motion to quash is untimely. It is undisputed that Ladner was served with the subpoena duces tecum on July 5, 2012, making his response or objections due by July 19, 2012. *See* Fed. R. Civ. P. 45(c)(2)(B). The instant motion was untimely because it was not filed until July 27, 2012.

Regardless of its timeliness, in the alternative, the Court finds that the motion should be denied on the merits. Ladner argues that the subpoena subjects him to undue burden. In support of this argument, he merely indicates that he "has no documents to produce, electronic or otherwise." Whether or not Ladner has documents to produce does not speak to whether complying with the subpoena duces tecum is an undue burden. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)(listing the factors for determining whether a subpoena is unduly burdensome). The subpoena in question requests documents in paper or electronic format, relating to the investigation of Talk-n-Surf Communications, Inc. or Jeaneen

Crisante for a discrete period of time (December 1, 2011, through March 1, 2012). The subpoena also permits Ladner to comply by mail. Ladner has failed to demonstrate how this narrowly tailored request for documents is unduly burdensome.

The Court also finds unpersuasive Ladner's arguments based on his status as an expert. Rule 45(c)(3)(B)(ii) empowers a court to modify or quash a subpoena if it requires disclosure of an unretained expert's opinion. It is unclear from the record whether Ladner is in fact an "unretained expert" for purposes of the federal rules. According to the exhibits attached to Plaintiffs' [4] Response, Ladner was an expert on gambling devices who actively participated in an investigation ("spot check") of alleged illegal gambling activity at Plaintiffs' place of business. A Sheriff's Office report indicated that Ladner would draft an affidavit based on his visit to Talkn-N-Surf in conjunction with a search warrant. Thus, it appears that Ladner was hired by the Pinellas County Sheriff's Office to serve as an expert in an investigation that gave rise to the present cause of action. Plaintiffs contend that Ladner is being called upon to provide factual, documentary evidence regarding his role in the investigation rather than as an expert witness. Consequently, Plaintiffs argue that the information is not protected by Rule 45.

To the extent that Plaintiffs seek documents from Ladner as "an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit", Ladner is not treated as an expert with respect to the subpoena duces tecum that is at issue. *See* Fed. R. Civ. P. 26(b)(4), Advisory Committee Notes; Fed. R. Civ. P. 45(c)(3)(B), Advisory Committee Notes. The subpoena relates to Ladner in his status as a witness with knowledge of the facts relevant to the case rather than as an expert giving opinion testimony. *See Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011)(discussing distinction between

an expert involved in facts of case as opposed to an expert who arrives as a "stranger" to the case); *Jones v. Celebration Cruise Operator, Inc.*, 2012 WL 1029469, *2-3 (S.D. Fla. 2012)(recognizing dual role of witness as both an expert witness and ordinary witnesss with knowledge of facts); *Young v. United States*, 181 F.R.D. 344, 348 (W.D. Tex. 1997).

IT IS THEREFORE ORDERED AND ADJUDGED that the [1] Motion to Quash is DENIED.

SO ORDERED, this the 21st day of September, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE